Ni v. Whitaker

BIA
Nelson, IJ
A043 657 835

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand eighteen.

PRESENT:
    JON O. NEWMAN,
    DENNIS JACOBS,
    PIERRE N. LEVAL,
        *Circuit Judges.*

_____

WEN XIAN NI, AKA SHA NI, AKA WEN NI, AKA WENXAIN NI, AKA NI XIAN,
        *Petitioner,*

v.                                              15-3071
                                                NAC

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Theodore N. Cox, New York, NY.

FOR RESPONDENT:         Benjamin C. Mizer, Principal
                        Deputy Assistant Attorney General;
                        Douglas E. Ginsburg, Assistant
                        Director; Benjamin Mark Moss,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Xian Ni, a native and citizen of the People's Republic of China, seeks review of a September 10, 2015, BIA decision that affirmed the January 8, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Xian Ni,* No. A043 657 835 (B.I.A. Sept. 10, 2015), *aff'g* No. A043 657 835 (Immig. Ct. N.Y. City Jan. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Ni challenges the agency's denial of withholding of removal and CAT relief only. Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Given that Ni is removable for an aggravated felony conviction, our jurisdiction is limited to constitutional claims and

2

07102018-3

questions of law, *see* 8 U.S.C. § 1252(a)(2)(C), (D), which we review de novo, *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

Ni sought withholding of removal and CAT relief, asserting a likelihood of persecution and torture based on the birth of her second child in the United States purportedly in violation of China's population control program. Contrary to Ni's contention, the BIA applied the correct standard in reviewing the IJ's findings for clear error. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding subject to only clear error review."). Nor did the agency err as a matter of law in noting that sterilization likely was not necessary to prevent pregnancy given Ni's age. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). For largely the same reasons as set forth in *Jian Hui Shao v. Mukasey*, we find no error in the agency's determination that Ni failed to satisfy her burden for withholding of removal

3

and CAT relief based on her family planning claim.  546 F.3d 138, 158-67 (2d Cir. 2008); *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

As to Ni's assertion that she will likely be tortured for her involvement in a money laundering scheme with her husband, who was detained and beaten in detention in China, she argues only that the agency's consideration of that claim was cursory and inadequate for meaningful judicial review.  We find no error in the agency's denial of CAT relief on this ground because Ni admitted only to speculating that Chinese officials knew of her involvement in money laundering and provided no evidence that the Chinese government is likely to arrest her on return to China.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best"); *see also Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur.  It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least

4

likely link." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006))).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5